USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-11-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS GARBAN,

                              Plaintiff,

              - against -

CIGNA LIFE INSURANCE COMPANY
OF NEW YORK, et al.,

                             Defendants.

**OPINION AND ORDER**

**10 Civ. 5770 (JGK) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Douglas Garban filed this case on July 30, 2010. Suing in his capacity as beneficiary of an insurance plan ("Plan") issued by Cigna Life Insurance Co. of New York ("CLICNY") to his employer and codefendant in this action, Citigroup, Inc., Garban challenges CLICNY's denial of his claim for lifetime disability benefits. Currently before the Court is Garban's motion for discovery outside of the administrative record. For the reasons that follow, Garban's motion is **GRANTED** as to the discovery enumerated below.

## II. BACKGROUND

Garban worked as an investment analyst and Vice President of Financial Consulting at Salomon, Smith, Barney until December 28, 2001, when he stopped working due to congestive heart failure and other heart problems. (Pl.'s Mot., Ex. A at 0021, 0967.) Garban began receiving lifetime disability benefits under the Plan in March 2002. He underwent a heart transplant in April of 2004. (Pl.'s Mot., Ex. A at 0967.) He continued to receive those benefits until December 2007, when CLICNY determined that he was no longer eligible for the benefits because he was not considered "totally disabled." The Plan states: "An Employee will be considered Totally

Disabled if because of Injury or Sickness, he is unable to perform all the essential duties of his occupation." (Def.'s Reply, Ex. 2 at 1817). Garban appealed the denial of his benefits twice. During each appeal, CLICNY, acting in its dual role as claims administrator and claims payor,[1] hired independent medical examiners ("IME's") to conduct peer reviews of Garban's medical records and to advise whether Garban was able to perform the essential duties of his job.[2] CLICNY also hired three neuropsychologists to advise on Garban's cognitive abilities – one performed tests and the other two conducted peer reviews.[3]

Garban contends that, despite his significant post-transplant physical recovery, he meets CLICNY's standard of total disability. Neither party disputes that Garban has the physical capability to work in a sedentary job. Garban claims, however, that he cannot perform the essential duties of his job because his cognitive abilities were impaired as a result of his extensive history of medical illness and invasive procedures.[4] (See, e.g., Pl.'s Mot., Ex. A at 1041-42.) The Record is replete with letters, reports, and reviews of Garban's physical and mental health. Garban believes the findings of his treating physicians are compelling evidence that he satisfies the Plan's definition of "totally disabled." He contends that for CLICNY to uphold the denial of his benefits in the face of such evidence hints at bias in the claims administration process and on the part of CLICNY's independent medical examiners who,

---

[1] CLICNY is considered a "conflicted administrator." See, e.g., DeFelice v. American Int'l Life Assurance Co. of New York, 112 F.3d 61, 66 (2d Cir. 1997).
[2] Dr. Alan H. Stein (Pl.'s Mot., Ex. A at 1192-1209) and Dr. Dan Gerstenblitt (Pl.'s Mot., Ex. A at 0684-92) conducted peer reviews in 2007 during the first appeals process. Dr. Paul W. Sweeney (Pl.'s Mot., Ex. A at 1150-56) and Dr. Mark J. Friedman (Pl.'s Mot., Ex. A at 1156-59) did the same in 2008 during the second appeals process.
[3] Dr. Ruben J Echemendia conducted neuropsychological testing in 2007 during the first appeals process (results summarized in Pl.'s Mot., Ex. A at 0696-97). Dr. John P. Shallcross conducted a neurospyschological peer review in 2008 during the second appeals process. (Pl.'s Mot., Ex. A at 1143-49.) Dr. Nick DeFelippis also conducted a neuropsychological peer review in 2009, but his report is not contained in the Administrative Record as submitted by Garban
[4] Garban believes that his cognitive disabilities were caused, partly or wholly, by loss of oxygen to the brain resulting from endocarditis suffered pre-transplant and an infection and cerebral vasculitis suffered post-transplant. (See, e.g., Pl.'s Mot. at 2; Pl.'s Mot., Ex. A at CLICNY 1054).

2

Garban suggests, make recommendations that please CLICNY so as to remain in CLICNY's good graces and continue to do business with them. (Pl.'s Mot. at 9; Pl.'s Reply at 6.) Garban seeks additional discovery outside the Record so as to inquire further into the propriety of CLICNY's claims administration process and its relationship with third-party vendors and IME's. CLICNY counters that Garban has not made the necessary showing to warrant discovery of materials outside the Record, and that if the Court were to consider extrinsic information, it could not grant Garban's broad, vague, and/or irrelevant discovery requests.

### III. DISCUSSION

#### A. Legal Standard

This case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), which states that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The Supreme Court has held that courts reviewing a § 1132(a)(1)(B) challenge to the denial of benefits must apply a *de novo* standard of review, unless "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Robbins v. Laberge Engineering & Consulting LTD*, No. 1:01 Civ. 1738, 2005 WL 2039195 at * 5 (N.D.N.Y. Aug. 24, 2005) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Here, both parties concede that the standard of review this Court will apply is *de novo*.

Generally, a court does not consider matters outside the administrative record upon its *de novo* review of an ERISA appeals process; however, the Court may exercise its discretion in admitting additional evidence outside the administrative record upon a showing of "good cause."

*DeFelice v. American Int'l Life Assurance Co. of New York*, 112 F.3d 61, 66 (2d Cir. 1997). Even "purely factual interpretation cases may provide a district court with good cause to exercise its discretion to admit evidence not available at the administrative level if the administrator was not disinterested." *Id.* In cases where benefits determinations are made by a conflicted administrator – one who acts as both claim administrator and claim payor – courts recognize that plaintiffs may be "utterly helpless against the whim of [its] interpretation of the facts." *Locher v. UNUM Life Ins. Co. of Am.*, 389 F.3d 288, 296 (2d Cir. 2004) (quoting *DeFelice*, 122 F.3d at 66)). However, the presence of a conflicted administrator, such as CLICNY, "does not *per se* constitute good cause." *Locher*, 389 F.3d at 296. Courts are cautioned that a "finding of a conflicted administrator alone should not be translated *necessarily* into a finding of good cause." *Id.* (emphasis in original).

When a court has discretion to consider extrinsic information, it follows that "the court must have the discretion to permit discovery of such materials." *Puri v. Hartford Life & Accident Ins. Co.*, 3:10 Civ. 00118, 011 U.S. Dist. LEXIS 55204 (D. Conn. Oct. 31, 2010). "[A]t the discovery stage, the plaintiff need not 'make a full good cause showing, but must show a reasonable chance that the requested discovery will satisfy the good cause requirement.'" *Quinones v. First Unum Life Ins. Co.*, No. 10 Civ. 8444, 2011 WL 797456, at *2 (S.D.N.Y. Mar. 04, 2011) (quoting *Yasinoski v. Connecticut General Life Ins. Co. et al.*, No. 07 Civ. 2573, 2009 WL 3254929, at *5 (E.D.N.Y. Sept. 30, 2009) ). This is because, "[i]f a plaintiff were forced to make a full good cause showing just to obtain discovery, then he would be faced with a vicious circle: To obtain discovery, he would need to make a showing, that in many cases, could be satisfied only with the help of discovery." *Anderson v. Sotheby's Inc. Severance Plan*, No. 04 Civ. 8180, 2005 WL 6567123, at *4 (S.D.N.Y. May 13, 2005).

## B. Garban Has Shown That There is a Reasonable Chance That He Will Meet the "Good Cause" Requirement

As noted above, the presence of a conflicted administrator does not by itself constitute good cause for the admission of evidence outside of the administrative record. *Locher*, 389 F.3d at 296. Typically, plaintiffs must also make a showing of procedural irregularities to bolster the assertion that the administrator unfairly influenced the claims process. *See, e.g., id.* Discovery is permitted so that plaintiffs may uncover these procedural irregularities. *See, e.g.*, Transcript of Oral Argument at 14-15, *Weiss v. CIGNA Life Ins. Co.* (2008) (No. 08 Civ. 2989) (Pl.'s Mem. in Further Supp. of Mot., Ex. B). Having demonstrated that he has a reasonable chance of satisfying the good cause requirement, however, Garban must show that the specific items of discovery he seeks have a reasonable chance of helping him meet that requirement. *See, e.g., id.* at 15. Garban has not specifically enumerated the discovery that he believes will satisfy the good cause requirement in this case, but has suggested that his discovery requests track the discovery allowed by Judge Seibel in the *Weiss* case, which included: (1) the depositions of IMEs; (2) the 30(b)(6) deposition of a representative from CLICNY; (3) the depositions of one CLICNY employee involved in the decision to terminate the claim and one involved in the denial of the appeal; and (4) document production concerning CLICNY's relationship with third-party vendors and IMEs. (Pl.'s Mem. in Supp. at 7-8.) This Court agrees that these discovery items have a reasonable chance of helping Garban satisfy the good cause requirement for the admission of evidence outside of the record, and Garban's motion is accordingly **GRANTED** as to these four discovery items.

## IV. CONCLUSION

For the foregoing reasons, Garban's motion is **GRANTED**, with the limitations enumerated above. If Garban seeks any other discovery he may make an application to this Court, with a showing that the discovery sought has a reasonable chance of satisfying the good cause requirement.

SO ORDERED this 11th day of August 2011
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge